UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

---

KENNETH HOYT, *individually, and on behalf of all others similarly situated,*

      Plaintiff,

v.

WEIGEL STORES, INC.

      Defendant.

---

Civil Action No.: _____

**JURY TRIAL DEMANDED**

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Kenneth Hoyt ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, Brown, LLC and Milberg Coleman Bryson Phillips Grossman, PLLC, hereby files this Collective Action Complaint against Defendant, Weigel Stores, Inc., and states as follows:

### INTRODUCTION

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendant, Weigel Stores, Inc., arising from Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff also brings this action under Tennessee common law on behalf of himself and all other similarly situated hourly-paid, non-exempt workers to recover unpaid non-overtime (i.e. "straight-time") wages for uncompensated hours worked, in breach of Defendant's contractual obligation to pay hourly-paid, non-exempt workers for all hours worked.

3. Defendant provides and operates gas station convenience stores throughout the state of Tennessee, providing fuel, beverages, snacks, and foods.

4. Plaintiff and the members of the putative collective were employed by Defendant as hourly-paid, non-exempt workers, and were responsible for providing customer service, cleaning, stocking merchandise, running the cash register, handling safe drops, completing paperwork, receiving merchandise, scanning orders, creating maintenance tickets, completing lottery counts, processing deliveries, opening and closing Defendant's stores, and traveling between stores to assist Defendant's work-demands.

5. Defendant failed to pay hourly-paid, non-exempt workers for all hours worked, including, but not limited to, cleaning, picking up trash outside the store, and assisting customers in line at checkout at the beginning of their workdays before clocking-in at the start of their scheduled shifts, driving from one store to another store to assist stores with insufficient staffing, and for work performed after hourly-paid, non-exempt workers' clocked-out at the end of their shifts.

6. Defendant's failure to pay hourly-paid, non-exempt workers for all hours worked violates the FLSA.

7. Plaintiff Kenneth Hoyt seeks unpaid overtime wages, liquidated damages, and attorneys' fees and costs pursuant to the FLSA on behalf of himself and the "FLSA Collective," defined as: *all current and former hourly-paid, non-exempt workers who worked for Defendant in the United States at any time within the three (3) years preceding the commencement of this action and the date of judgment.* See 29 U.S.C. § 216(b).

8. Plaintiff asserts his breach of contract claim under Tennessee common law individually and pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Rule 23 Tennessee Class," defined as: *all current and former hourly-paid, non-exempt workers who worked for Defendant in Tennessee.*

2

Case 3:24-cv-00299-TAV-JEM     Document 1     Filed 07/10/24     Page 2 of 18     PageID #: 2

9. Additionally, Plaintiff Kenneth Hoyt brings this action individually for Defendant's violation of the Employee Polygraph Protection Act ("EPPA"), 29 U.S.C. § 2001, *et seq*.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

11. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they derive from a common nucleus of operative facts as Plaintiff's federal claim.

13. The Court has personal jurisdiction over Defendant because Defendant is domiciled in Tennessee.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

## PARTIES

15. Plaintiff Kenneth Hoyt is a resident of Fruit Cove, Florida.

16. Plaintiff worked for Defendant as an hourly-paid, non-exempt worker from approximately June 5, 2022, through approximately July 15, 2023.

17. Plaintiff was paid an hourly rate of pay at all times.

18. Plaintiff has consented to the filing of this action pursuant to 29 U.S.C. § 216(b). *See* **Exhibit 1**.

3
Case 3:24-cv-00299-TAV-JEM   Document 1   Filed 07/10/24   Page 3 of 18   PageID #: 3

19. Defendant is a Tennessee corporation whose principal address is 3100 Weigel Lane, Powell, TN 37849.

**FACTUAL ALLEGATIONS**

20. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

21. Defendant employed hourly-paid, non-exempt workers to perform customer service, cleaning, stocking merchandise, running the cash register, handling safe drops, completing paperwork, receiving merchandise, scanning orders, creating maintenance tickets, completing lottery counts, processing deliveries, opening and closing Defendant's stores, and traveling between stores to assist Defendant's work-demand.

22. Defendant classified these hourly-paid workers as non-exempt employees.

23. Defendant paid hourly-paid, non-exempt workers on an hourly basis.

24. Defendant did not guarantee any predetermined amount of pay per week.

25. An implied-in-fact agreement existed between Defendant and each hourly-paid, non-exempt worker that they were to be compensated at a specified hourly rate for all hours worked during their employment with Defendant, as evidenced by Defendant paying them an hourly rate of pay, furnishing paystubs showing agreed hourly rates and instructing them to use Defendant's timekeeping system to clock in and out.

26. Defendant and each hourly-paid, non-exempt worker manifested their intent to be bound by that agreement, as evidenced by hourly-paid, non-exempt workers performing their agreed-upon job duties, using Defendant's timekeeping system to clock in and out, and Defendant compensating at their agreed-upon rates for the hours for which they were paid.

27. Defendant required hourly-paid, non-exempt workers to work over forty (40) hours in most weeks.

28. By way of example, during the week beginning June 19, 2023, and ending June 25, 2023, Plaintiff worked 67.78 hours.

29. Hourly-paid, non-exempt workers reported to a manager and/or supervisor, who supervised them.

30. Hourly-paid, non-exempt workers were typically required to begin their workday by removing any garbage upon arrival and assist with any customers in the check-out line ***before*** clocking in to start their scheduled shifts.

31. On most days, if not all days, hourly-paid, non-exempt workers did not report the time they spent performing pre-shift work.

32. Additionally, hourly-paid, non-exempt workers were required to travel from one store to another store that required assistance.

33. Defendant's managers and/or supervisors directed hourly-paid, non-exempt workers to clock out at the store they were leaving before traveling to the store that required assistance.

34. Defendant's managers and/or supervisors directed hourly-paid, non-exempt workers to clock back in at the store they arrived at that required assistance.

35. Hourly-paid, non-exempt workers were not compensated for the time spent traveling between stores.

36. Further, hourly-paid, non-exempt workers were required to perform work after their scheduled shifts that was not recorded in Defendant's timekeeping system, including, *inter alia*,

safe deposits, setting alarms, storing cold products, mopping, completing closing check-lists, and locking the store.

37. This resulted in hourly-paid, non-exempt workers not being paid for such time.

38. In many weeks, the hours worked for which Defendant failed to pay hourly-paid, non-exempt workers were in excess of forty (40) hours, and should have been paid at time-and-a-half (1.5) of hourly-paid, non-exempt workers' regular rates of pay, but instead were not paid at all.

39. As a result of these policies, there were many weeks in which Plaintiff and other hourly-paid, non-exempt workers were not paid their hourly rate of pay for all hours worked, and/or overtime compensation for hours worked in excess of forty (40) hours.

40. Defendant knowingly and/or recklessly disregarded its obligation to ensure that all of its hourly-paid, non-exempt workers' work hours were recorded and paid.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

42. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective, defined as:

> *All current and former hourly-paid, non-exempt workers who worked for Defendant in the United States at any time within the three (3) years preceding the commencement of this action and the date of judgment ("FLSA Collective").*

43. Plaintiff reserves the right to amend this definition as necessary.

44. Excluded from the proposed Collective are Defendant's executives, administrative, and professional employees, including computer professionals and outside salespersons.

45. Plaintiff seeks to collectively pursue claims under the FLSA, that they were not paid for hours in excess of forty (40) in a workweek spent (1) performing compensable work before clocking-in at the start of their scheduled shifts; (2) traveling between stores during their scheduled shifts; and/or (3) performing compensable work after clocking-out of their scheduled shifts.

46. With respect to such claims, a collective action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

47. The employment relationship between Defendant and every FLSA Collective member is the same and differs only by name, location, and rate of pay. The key issues do not vary substantially among the FLSA Collective members.

48. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include over fifty (50) members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

49. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

50. Plaintiff asserts his breach of contract claims under Tennessee common law individually and on behalf of a putative "Rule 23 Tennessee Class," defined as:

> *All current and former hourly-paid, non-exempt workers who worked for Defendant in Tennessee and were subject to Defendant's policy and/or practice to perform work off-the-clock.*

51. The Rule 23 Tennessee Class seek to recover unpaid straight-time wages for all hours worked at their agreed-upon pay rates, consistent with their agreements with Defendant.

52. The members of the Rule 23 Tennessee Class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are over forty (40) class members in the State of Tennessee. The Rule 23 Tennessee Class members should be easy to identify from Defendant's payroll and personnel records.

53. There is a well-defined community of interest among the Rule 23 Tennessee Class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

54. Plaintiff's claims are typical to those of the Rule 23 Tennessee Class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic pay policies and practices. All of the Rule 23 Tennessee Class members were subject to the same corporate practices of Defendant, as alleged herein, or performed uncompensated work as a result of Defendant's policies and practices. Any lawsuit brought by an hourly-paid, non-exempt worker employed by Defendant in the State of Tennessee would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

55. Plaintiff was employed by Defendant in the same capacity as all of the Rule 23 Tennessee Class members. All Rule 23 Tennessee Class members were treated the same or similarly by management with respect to pay or lack thereof. Thus, there are common questions of law and fact which are applicable to each and every one of the Rule 23 Tennessee Class members.

56. Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

57. Defendant's corporate-wide policies and practices affected all Rule 23 Tennessee Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Rule 23 Tennessee Class member. Plaintiff's claims arise from the same legal theories as all other Rule 23 Tennessee Class members. Therefore, this case will be more manageable and efficient as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case.

## PLAINTIFF'S EPPA FACTUAL ALLEGATIONS

58. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

59. On July 14, 2023, during regular work hours, Defendant directed Plaintiff to attend a meeting at Defendant's headquarters to meet with Human Resources for questioning.

60. During the meeting on July 14, 2023, Plaintiff was questioned extensively by Defendant about an incident that occurred overnight after a store had closed that Plaintiff worked at prior to the incident.

61. Unsatisfied with Plaintiff's responses, Defendant insisted Plaintiff submit to a polygraph test.

62. On July 15, 2023, Plaintiff was questioned by Defendant while connected to a polygraph test.

9

Case 3:24-cv-00299-TAV-JEM    Document 1    Filed 07/10/24    Page 9 of 18    PageID #: 9

63. That same day, July 15, 2023, Defendant unlawfully terminated Plaintiff's employment for alleged "improper closing procedures."

64. Given the circumstances and timing, it is evident that Defendant terminated Plaintiff's employment in retaliation for participating in the polygraph test.

65. At all times relevant herein, the EPPA was in effect, which provides in pertinent part that it is "unlawful for any employer . . . directly or indirectly, to require, request, suggest, or cause any employee to take or submit to any lie detector test." 29 U.S.C. § 2002(1).

66. Defendant was an employer engaged in or affecting commerce within the meaning of the Employee Polygraph Protection Act, 29 U.S.C. § 2001, *et seq*.

67. Plaintiff was an employee within the meaning of the Employee Polygraph Protection Act, 29 U.S.C. § 2001, *et seq*.

68. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

### COUNT I
### FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION
(***Brought Individually and as a Collective Action Under 29 U.S.C. § 216(b)***)

69. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

70. Defendant is an enterprise whose annual gross volume of sale made, or business done, exceeds $500,000.

71.     Defendant is an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

72.     At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

73.     At all times relevant to this action, Plaintiff and the FLSA Collective members were "employees" of Defendant within the meaning of 29 U.S.C. §203(e)(1) of the FLSA.

74.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

75.     Defendant required Plaintiff and the FLSA Collective members to work over forty (40) hours in most weeks.

76.     By way of example, during the week beginning June 19, 2023, and ending June 25, 2023, Plaintiff worked 67.78 hours.

77.     Plaintiff and FLSA Collective members were typically required to begin their workday by removing any garbage upon arrival and assist with any customers in the check-out line ***before*** clocking in to start their scheduled shift.

78.     On most days, if not all days, Plaintiff and FLSA Collective members did not report the time they spent performing pre-shift work.

79.     Additionally, Plaintiff and FLSA Collective members were required to travel from one store to another store that required assistance.

80. Defendant's managers and/or supervisors directed Plaintiff and FLSA Collective members to clock out at the store they were leaving before traveling to the store that required assistance.

81. Defendant's managers and/or supervisors directed hourly-paid, non-exempt workers to clock back in at the store that required assistance once they arrived.

82. Plaintiff and FLSA Collective members were not compensated for the time spent traveling between stores.

83. Further, Plaintiff and FLSA Collective members were required to perform work after their scheduled shifts that was not recorded in Defendant's timekeeping system, including, *inter alia*, safe deposits, setting alarms, storing cold products, mopping, completing closing checklists, and locking the store.

84. This resulted in hourly-paid, non-exempt workers not being paid for such time.

85. In many weeks, the hours worked, for which Defendant failed to pay Plaintiff and the FLSA Collective members, were in excess of forty (40) hours, and should have been paid at time-and-a-half (1.5) of their regular rates of pay, *see* 29 U.S.C. § 207(a)(1), but instead were not paid at all.

86. As a result of Defendant's policies, there were many weeks in which Plaintiff and FLSA Collective members were not paid their hourly rate of pay for all hours worked, and/or overtime compensation for hours worked in excess of forty (40) hours.

87. Defendant knowingly and/or recklessly disregarded its obligation to ensure that all of Plaintiff's and the FLSA Collective members' work hours were recorded and paid at time-and-a-half (1.5) of their regular rates of pay.

88. FLSA 29 U.S.C. § 216(b) provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
## BREACH OF CONTRACT UNDER TENNESSEE COMMON LAW
*(Brought Individually and as a Class Action Pursuant to Fed. R. Civ. P. 23)*

89. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

90. Defendant employed Plaintiff and Rule 23 Tennessee Class members as hourly-paid, non-exempt workers.

91. An implied-in-fact agreement existed between Defendant and Plaintiff and each Rule 23 Tennessee Class member that they were to be compensated at a specified hourly rate for all hours worked during their employment with Defendant, as evidenced by Defendant paying them an hourly rate of pay, furnishing paystubs showing agreed hourly rates and instructing them to use Defendant's timekeeping system.

92. Defendant and Plaintiff and Rule 23 Tennessee Class members manifested their intent to be bound by that agreement, as evidenced by hourly-paid, non-exempt workers performing their agreed-upon job duties and using Defendant's timekeeping system to clock in and out, and Defendant compensating at their agreed-upon rates for the hours for which they were paid.

93. Plaintiff and Rule 23 Tennessee Class members were typically required to begin their workday by removing any garbage upon arrival and assist with any customers in the check-out line *before* clocking in to start their scheduled shifts.

94. On most days, if not all days, Plaintiff and Rule 23 Tennessee Class members did not report the time they spent performing pre-shift work.

95. Additionally, Plaintiff and Rule 23 Tennessee Class members were required to travel from one store to another store that required assistance.

96. Defendant's managers and/or supervisors directed Plaintiff and Rule 23 Tennessee Class members to clock out at the store they were leaving before traveling to the store that required assistance.

97. For the store that required assistance, Defendant's managers and/or supervisors directed Plaintiff and Rule 23 Tennessee Class members to clock back in.

98. Plaintiff and Rule 23 Tennessee Class members were not compensated for the time spent traveling between stores.

99. Further, Plaintiff and Rule 23 Tennessee Class members were required to perform work after their scheduled shifts that was not recorded in Defendant's timekeeping system, including, *inter alia*, safe deposits, setting alarms, storing cold products, mopping, completing closing checklists, and locking the store.

100. This resulted in Plaintiff and Rule 23 Tennessee Class members not being paid for such time.

101. Defendant failed to compensate Plaintiff and Rule 23 Tennessee Class members for all hours worked.

102. By failing to pay Plaintiff and Rule 23 Tennessee Class members for all hours worked pursuant to their implied contract, Defendant breached that contract.

103. Defendant owes Plaintiff and Rule 23 Tennessee Class members wages for hours worked that were not compensated.

104. As a result of Defendant's uniform policies and practices described above, Plaintiff and Rule 23 Tennessee Class members are illegally deprived of wages earned, in such amounts to be determined at trial, and are entitled to recover unpaid straight-time wages for all hours worked at their agreed-upon pay rates, consistent with their agreements with Defendant, plus interest.

## COUNT III
## EMPLOYEE POLYGRAPH PROTECTION ACT
## 29 U.S.C. § 2001, *et seq.*
## <u>VIOLATION OF THE EMPLOYEE POLYGRAPH PROTECTION ACT</u>
### (*Brought Individually by Plaintiff Kenneth Hoyt*)

105. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

106. Plaintiff was an employee within the meaning of the EPPA, 29 U.S.C. § 2001, *et seq*.

107. Defendant was an employer engaged in or affecting commerce within the meaning of the EPPA, 29 U.S.C. § 2001, *et seq*.

108. On July 15, 2023, Defendant required Plaintiff take or submit to a polygraph examination in violation of the EPPA.

109. Defendant unlawfully used, accepted, referred to, and inquired concerning the results of the polygraph examination in violation of the EPPA.

110. On July 15, 2023, the same day Plaintiff was required to take the polygraph examination, Defendant unlawfully discharged, discriminated against, and denied employment to Plaintiff on the basis of the results of a lie detector test or polygraph examination in violation of the EPPA.

111. Defendant's intentional, knowing, deliberate and willful conduct in violating the EPPA constitutes both bad faith and outrageous conduct, and proximately caused Plaintiff to be

deprived of income to which he was entitled, to experience other related economic losses, and to suffer the foreseeable deterioration of his physical health and related personal hardships, all of which are foreseeable.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests an entry of an Order for the following relief:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B. Certifying this case as a class action pursuant to Fed. R. Civ. P. with respect to the state law claim(s) set forth herein (Count II);

C. Ordering Defendant to disclose in computer format, or in print, if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Tennessee Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

D. Designating the Named Plaintiff Kenneth Hoyt as the representative of the FLSA Collective and Rule 23 Tennessee Class, and undersigned counsel as Class counsel for the same;

E. Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

F. Declaring Defendant willfully violated the EPPA;

G. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of damages, liquidated damages, interest, and penalties, available by law;

H. Granting judgement in favor of Plaintiff and against Defendant and awarding Plaintiff and the Rule 23 Tennessee Class the full amount of damages for unpaid straight-time wages for all hours worked at their agreed-upon pay rates, consistent with their agreements with Defendant;

I. Awarding pre-judgment and post-judgment interest to Plaintiff and the FLSA Collective on these damages;

J. Awarding an incentive award to the Named Plaintiff;

K. Awarding Plaintiff back wages, front pay, and bonuses in an amount to be determined at trial under the EPPA;

L. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute; and

M. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, by and though his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause. S

Dated: July 10, 2024.

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

*/s/ Luke Widener*
R. Luke Widener
Ryan P. McMillan
First Horizon Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: (856) 247-0080
F: (865) 522-0049
lwidener@milberg.com

rmcmillan@milberg.com

*Local Counsel for Plaintiff*

Edmund C. Celeisius*
BROWN, LLC
111 Town Square Place, Suite 1400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
ed.celiesius@jtblawgroup.com

*\*Application for Admission Pro Hac Vice Forthcoming*

*Lead Counsel for Plaintiff*