UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| KENNETH HOYT, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Case No. 3:24-cv-299 |
| WEIGEL STORES, INC., ) ) | Varlan/McCook |
| Defendant. ) | |

**JOINT MOTION FOR PERMISSION TO SETTLE AND
DISMISS ACTION WITHOUT JUDICIAL SETTLEMENT APPROVAL**

Come now Plaintiffs and Defendant, by and through counsel, and respectfully move the Court for permission to reach a private settlement and dismiss this action without prior judicial approval of the settlement terms. The parties notify the Court that they have reached a settlement in the above-captioned Fair Labor Standards Act ("FLSA") case. After extensive negotiations through counsel, the parties agreed to monetary terms of a settlement. As explained below, the Parties jointly request an order from the Court entering the following deadlines, which allow the parties to dismiss the action without Court approval of their settlement.

There is no current authority from the Sixth Circuit addressing whether an FLSA settlement must be judicially approved to be valid. However, just recently, a court in this district comprehensively addressed this question and held that judicial approval is not required. In *Shelton v. Steam Logistics, LLC*, No. 1:24-cv-393, 2025 U.S. Dist. LEXIS 223531 (E.D. Tenn. Nov. 13, 2025), Judge Collier considered competing lines of authority and concluded: "Unless or until Congress amends the FLSA or either the Sixth Circuit or the Supreme Court gives guidance to whether court approval for FLSA settlement agreements is required, the Court finds it need not

approve the FLSA settlement agreement here." Id. at *9. Judge Collier found that "[n]othing in the text of the FLSA, or in any Sixth Circuit case, requires or even authorizes court approval for private-party FLSA settlement agreements." Id. at *7.

Judge Collier's decision in *Shelton* follows a strong recent trend within the Sixth Circuit. Several district court decisions have held that judicial approval is not required, and in some cases, have held that the district court lacks authority to provide it. See *Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710 (S.D. Ohio 2024) (affirmatively holding that approval is not allowed); see also *Neikirk v. Ephraim McDowell Health, Inc.*, No. 5:23-CV-153, 2025 U.S. Dist. LEXIS 90242, 2025 WL 1361737 (E.D. Ky. May 2, 2025); *Evans v. RWS Res., LLC*, No. 4:23-CV-120, 2025 U.S. Dist. LEXIS 17640, 2025 WL 354715 (W.D. Ky. Jan. 31, 2025); *Cottrell v. Triple J Trucking, Inc.*, No. 4:23-CV-13-RGJ-HBB, 2025 WL 289678 (W.D. Ky. Jan. 24, 2025); *Bazemore v. Papa John's USA Inc.*, 2025 U.S. Dist. LEXIS 5133, *6 (W.D. Ky. Jan. 10, 2025) ("Here, nothing displaces the standard voluntary-dismissal procedure found in Rule 41(a)(1)(A)"); *Stephens v. Auto Sys. Ctrs., Inc.*, No. 2:21-cv-5131, 2024 WL 4577862, at *1 (S.D. Ohio Oct. 22, 2024) ("The undersigned finds the reasoning of Gilstrap persuasive and concludes that Court approval of the parties' FLSA settlement is neither required nor authorized."); *Cataline v. Beechmont Brewing, LLC*, 2024 U.S. Dist. LEXIS 179698, *2 (S.D. Ohio Sept. 26, 2024) ("This Court agrees with the opinion in Gilstrap and joins the trend emerging in this District of eliminating the prudential condition that requires district court approval of FLSA settlements."); *Barrios v. Kamps, Inc.*, No. 1:23-CV-584, 2024 WL 4181210, at *1 (W.D. Mich. Sept. 12, 2024) (adopting the reasoning in Gilstrap and holding that "the Court does not have any obligation or authority to approve the parties' settlement agreement"); *Cummins v. Midmark Corp.*, 2024 U.S. Dist. LEXIS 126752, *2 (S.D. Ohio July 9, 2024) ("This Court agrees with Judge Cole's well-reasoned opinion in Gilstrap and instructs the

2

Case 3:24-cv-00299-TAV-JEM Document 47 Filed 02/04/26 Page 2 of 5 PageID #: 271

parties to administer the FLSA settlement under Fed. R. Civ. P. 41(a) and as agreed-upon in the terms of their private settlement."); *Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635, 637–39 (W.D. Ky. 2022).

Another recent decision from this district also considered the question. In *Alzeidyeen v. Nashville Wireless, Inc.*, No. 3:24-CV-373-KAC-DCP, 2025 U.S. Dist. LEXIS 190312 (E.D. Tenn. Sept. 26, 2025), Judge Crytzer reviewed a settlement at the parties' request while expressly acknowledging the unsettled nature of the law. Judge Crytzer noted that "[u]ntil the Sixth Circuit addresses the issue, out of an abundance of caution and at the Parties' request, the Court reviews the settlement of the FLSA claims." Id. at *3. The Alzeidyeen court recognized that "one district court in the Sixth Circuit has reached the persuasive conclusion that Court approval is not required" (citing Askew), and that "[t]he United States Courts of Appeals are split on whether the settlement of FLSA claims among private parties requires Court approval." Id. at *2.

As stated in *Cottrell*, "this Court and others have provided judicial approval for many FLSA collective-action settlements. But there is no clear directive to do so." 2025 WL 289678 at *6. The court also stated that the "FLSA does not require any filing of a collective-action settlement agreement, much less public filing...." Id. (emphasis in original; rejecting argument that the parties' agreement to maintain confidentiality of their FLSA collective-action settlement was legally void).

At least one recent decision from a district court within the Sixth Circuit has disagreed with the above authorities. See *Maldonado v. WK Kellogg CO.*, No. 1:24-CV-90, 2025 WL 1427073 (W.D. Mich. May 6, 2025) (court approval required). However, Judge Collier in *Shelton* expressly considered and rejected the reasoning in *Maldonado*, finding that "there is a meaningful distinction between a Rule 23 class action and an FLSA collective action," and that "policy considerations"

3

do not change the result because "the policy rationales in play here counsel against a court-approval regime, not in favor of it." 2025 U.S. Dist. LEXIS 223531, at *8.

The parties respectfully request that the Court follow Judge Collier's well-reasoned decision in *Shelton* and the weight of recent authorities within this Circuit holding that Court approval of an FLSA settlement is not required, and allow the parties to file a Stipulation for Dismissal under Fed. R. Civ. P. 41(a)(1)(A).

Respectfully submitted this 4th day of February, 2026.

/s/ Nicholas Conlon by JDP w/ perm.
Nicholas Conlon
Brown LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
(267) 566-4495
nicholasconlon@jtblawgroup.com

Adam Arthur Edwards
R. Luke Widener
Ryan P. McMillan
Milberg Coleman Bryson Phillips Grossman, PLLC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: (865) 247-0080
F: (865) 522-0049

*Attorneys for Plaintiff*

/s/ Jerome D. Pinn
Jerome D. Pinn, BPR #17848
Mary C. Moffatt, BPR#12729
Mary Dee Allen, BPR #15614
Wimberly Lawson Wright Daves & Jones, PLLC
550 Main Avenue, Ste. 900
P.O. Box 2231
Knoxville, TN 37901-2231
T: (865) 546-1000
F: (865) 546-1001

4

Case 3:24-cv-00299-TAV-JEM   Document 47   Filed 02/04/26   Page 4 of 5   PageID #: 273

jpinn@wimberlylawson.com
mmoffatt@wimberlylawson.com
mallen@wimberlylawson.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

  I certify that on February 4, 2026, a copy of the foregoing document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

           s/ Jerome D. Pinn
           Jerome D. Pinn